IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| HH ST. LOUIS RAILWAY, LP, | ) | Case No. 19-47030-705 |
| | ) | Charles E. Rendlen III |
| Debtor | ) | Chapter 7 |
| | ) | |

## JOINDER IN MOTION TO ABSTAIN AND DISMISS

Cannon Design, Inc. ("Cannon Design") respectfully joins in the Motion to Abstain and Dismiss (the "Motion") filed by HH St. Louis Railway LP ("HH Railway"). In support of its joinder, Cannon Design states as follows:

1.    On November 8, 2019, certain creditors (the "Petitioning Creditors") filed an involuntary petition against HH Railway, seeking relief under Section 303 of Title 11 of the United States Code (the "Bankruptcy Code").

2.    HH Railway does not concede the validity of the Petitioning Creditors' claims.[1] As of the filing of this Joinder, no order for relief has been entered, and no trustee has been appointed.

3.    In its Suggestion in Support of Motion to Abstain and Dismiss, HH Railway provided the Court with a comprehensive summary of the extensive network of financing transactions that underpin the efforts to renovate the Railway Exchange Building and its adjacent garage (collectively, the "Project").

4.    Cannon Design will not repeat that summary other than to emphasize that the Project depends upon a combination of purchase money financing from Gamma Real Estate

---

[1] See Suggestion in Support of Motion to Abstain and Dismiss, footnote 2, filed by HH Railway on December 2, 2019 as Dkt. 11.

Capital, LLC ("Gamma"), federal tax credits, and state tax credits.  In order to utilize all of these resources properly, HH Railway must meet certain deadlines and standards.  Failure to do so would jeopardize the tax credits and the success of the entire Project.

5.      Cannon Design filed a mechanic's lien against the Project on August 24, 2018 (the "Cannon Lien").  The principal amount of the Cannon Lien is $1,758,585, exclusive of interest.  Five other creditors have also filed liens against the Project (collectively with the Cannon Lien, the "Mechanic's Liens").  The Mechanic's Liens total approximately $2.93 million.  Cannon Design is, by far, the largest lien claimant.

6.      In February 2019, Cannon Design filed suit against HH Railway and others, including Gamma, to foreclose the Cannon Lien and to determine its priority relative to Gamma and the holders of the other Mechanic's Liens (the "State Court Litigation").  The State Court Litigation is pending in the 22nd Judicial Circuit for the City of St. Louis.  The parties were engaging in discovery and had a case management plan well underway.  The filing of the involuntary petition has stayed the State Court Litigation.

7.      Based upon the information which Cannon Design has obtained about the Project, HH Railway's Motion represents a practical, and the only true, solution for resolution of the issues in this case.

8.      HH Railway's assets consist of the following:  the Project (which is heavily liened); prospective tax credits which have no value outside of this Project; a litigation claim arising from a water main break; and modest lease income which represents part of Gamma's collateral.

9.      Given the scarcity of funds for the Project, it is unlikely that there have been any avoidable transfers.

2

10.     In short, there do not appear to be any assets which a trustee can administer to pay his or her fees, let alone produce a dividend to unsecured creditors.

11.     In contrast, the State Court Litigation provides a forum where the varying claims of priority can be determined and, perhaps, create a basis for salvaging the Project with all creditors ultimately benefitting.  Cannon Design acknowledges that bankruptcy courts can adjudicate competing claims to assets, but that is generally done only when the bankruptcy estate has a stake in the outcome.

12.     The Eighth Circuit contemplated the bankruptcy court's jurisdiction and the interests of comity in *In re Reeves*, 65 F.3d 670 (8th Cir. 1995).  In *Reeves*, a chapter 7 trustee sought to liquidate the debtor's 25% share in a closely held business in order to obtain funds for distribution to creditors.  In order to liquidate the shares, the trustee was required to bring suit to dissolve the closely held corporation.  The Eighth Circuit determined that the bankruptcy court had "related to" jurisdiction over a dissolution action as the action would impact the amount available for creditors.  *Id*. at 675, referencing *Matter of Xonics*, 813 F.2d 127, 131 (7th Cir. 1987).

13.     Notwithstanding the presence of "related to" jurisdiction in *Reeves*, the Eighth Circuit mused about whether the bankruptcy court or the district court might wish to abstain from hearing the dissolution action as the matter primarily involved state law.  65 F.3d at 675.

14.     Section 305 of the Bankruptcy Code provides that "[t]he court…may dismiss a case under this title …if…the interests of creditors and the debtor would be better served by such dismissal…" 11 U.S.C. § 305(a)(1).

15.     HH Railway has described the factors to be considered in evaluating a motion to dismiss under Section 305.  *See* Dkt. 11, p. 8.   These are: a) the availability of another forum; b)

3

the financial costs and burdens of a bankruptcy case; c) whether the bankruptcy case duplicates other efforts pending elsewhere; d) whether the bankruptcy case is essential to a just and equitable resolution; e) the level to which other pending proceedings have progressed; and f) the purpose or motivation of the petitioning creditors.

16.    Consideration of these factors weighs in favor of abstention and dismissal.  The State Court Litigation provides another forum to address the various disputes among creditors, and the State Court Litigation is progressing without delay, thus satisfying factors a, c, and e from the list above.  The bankruptcy process would add another layer of costs with no funds to pay them, thus satisfying factor b.  Further, there do not appear to be any bankruptcy specific causes of action such as preferences which require the intervention of bankruptcy, thus satisfying factor d.  Finally, the Petitioning Creditors cannot hope to gain anything from a bankruptcy as there are no assets suggesting that their motivations are not consistent with the equitable aims of the Bankruptcy Code, thus satisfying factor f.

17.    For all these reasons, Cannon Design joins in HH Railway's Motion and requests that the Court abstain from hearing and dismiss the case.

WHEREFORE, Cannon Design respectfully requests that this Court enter an order dismissing this case and granting Cannon Design all other relief just and proper.

Dated:  December 9, 2019

Respectfully submitted,

*Brian M. Wacker*
Gene J. Brockland – 32770 MO
Brian M. Wacker – 61913 MO
SmithAmundsen, LLC
120 S. Central, Suite 700
St. Louis, MO 63105-1794
Telephone:  314-719-3746
Facsimile:  314-719-3741
gbrockland@herzogcrebs.com
bwacker@salawus.com

*Counsel for Cannon Design, Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of December, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all parties who have filed an appearance.  Copies of this pleading may be accessed through the Court's electronic filing system.

*Brian M. Wacker*