# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| In re: | ) Case No. 19-47030-705 |
| **HH ST. LOUIS RAILWAY LP,** | ) Charles E. Rendlen III |
| Debtor. | ) Chapter 7 |

## JOINDER IN DEBTOR'S MOTION TO ABSTAIN AND DISMISS

Gamma Real Estate Capital LLC ("Lender") hereby joins in the Motion to Abstain and Dismiss (the "Motion") filed by Debtor HH St. Louis Railway LP ("HH Railway") [Docket No. 10]. In support of its Joinder, Lender states as follows:

1. On November 8, 2019, certain creditors (the "Petitioning Creditors") filed an involuntary petition (the "Involuntary Petition") in this Court against HH Railway, seeking Chapter 7 relief under Section 303 of Title 11 of the United States Code (the "Bankruptcy Code").

2. No relief has yet been entered, and no trustee has been appointed.

3. By filing the Motion, HH Railway has not admitted the validity of the claims asserted by the Petitioning Creditors, which remain subject to dispute.

4. For all of the reasons and based on the authorities set forth in the Motion, Lender files this Joinder in response to the Involuntary Petition.

5. Specifically, Lender believes the relief requested with the appointment of a Chapter 7 trustee would in no way benefit the estate, as the burdens of bankruptcy would add another layer of expense and delay to the pending administration of state remedies and would not yield any recovery to the Petitioning Creditors. The best interests of the creditors and HH Railway are not served by a bankruptcy but by permitting the parties to utilize existing state remedies.

1

088752/560767-71593913.1

Lender's Secured Loan to HH Railway:

6. On or about January 31, 2017, Lender made a loan to HH Railway in the original principal amount of $19,700,000 (the "Loan") to purchase certain real and personal property located in St. Louis City and known as the Railway Exchange Building and Railway Exchange Garage (the "Property").

7. The Loan is secured by, among other things, a Fee and Leasehold Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing and an Assignment of Leases and Rents granted by HH Railway in favor of Lender with respect to the Property.

8. The Property and the interests that flow from it, upon which Lender asserts a first priority security interest, are HH Railway's only assets, which essentially makes this a single asset case.

9. The Property is vacant, with the exception of a few small tenants on the first floor of the Railway Exchange Garage, is in need of complete renovation, and generates virtually no cash flow.

10. HH Railway is in default under the Loan and currently owes Lender in excess of $18,600,000.

11. Through November 2019, HH Railway was operating under a Forbearance Agreement with Lender.

Mechanic's Lien Claimants and Other Creditors:

12. In connection with HH Railway's initial development of the Property, several contractors assert that they performed work at the Property but were not paid by HH Railway. As a result, four such contractors have asserted mechanic's liens on the Property in an amount that exceeds $2,300,000, which are the subject of pending litigation in the City of St. Louis,

2

under Case No. 1822-CC11468 ("Lien Lawsuit") to enforce the liens and to establish their priority relative to Lender's interest in the Property.

13. There are several unsecured creditors of HH Railway, only some of whom are Petitioning Creditors.

14. As evidenced above, the claims asserted by the Petitioning Creditors, totaling approximately $115,000, are only a very small fraction of the total debts owned by HH Railway, which exceed $22,000,000.

Summary Argument for Lender's Joinder in the Motion:

15. Section 306 of the Bankruptcy Code provides that "[t]he court…may dismiss a case under this title…if…the interests of creditors and the debtor would be better served by such dismissal…" 11 U.S.C. §(a)(1).

16. Under this Section, a bankruptcy court may decline to exercise jurisdiction and relegate a debtor and its creditors to non-bankruptcy administration. *See In re NRG Energy, Inc.*, 294 B.R. 71 (Bankr.Minn. 2003) *citing* H.R. REP. *No. 595,* 95th Cong. 1st Sess. 325 (1977) and S. REP. No. 989, 95th Cong.2d Sess. 35 (1978).

17. As set forth by HH Railway in the Motion, the factors to be considered in evaluating a motion to dismiss under Section 305 include: (a) the availability of another forum; (b) the financial costs and burdens of a bankruptcy case; (c) whether the bankruptcy case duplicates other efforts pending elsewhere; (d) whether the bankruptcy case is essential to a just and equitable resolution; (e) the level to which other pending proceedings have progressed; and (f) the purpose or motivation of the petitioning creditors. *See NRG Energy, Inc.* at 80 *citing In re Fax Station, Inc.* 118 B.R. 176, 177 (Bankr.D.R.I. 1990).

18. Support by creditors for abstention and a non-bankruptcy process is an important factor in the analysis. *Id.* at 81 *citing In re Iowa Trust*, 135 B.R. 615, 623 (Bankr.N.D.Iowa 1992).

19. Here, these factors weigh heavily in favor of abstention and dismissal: (a) the pending Lien Lawsuit provides a forum to adjudicate the liens and resolve any priority issues between the lien claimants and Lender, and the Petitioning Creditors all have state remedies available to them, which they have taken no steps to utilize; (b) without revenue generating assets, there is nothing for the trustee to administer to pay his or her fees, there is no money to fund the bankruptcy and pay the substantial monthly carrying costs of the Property, and there is no money to pay unsecured creditors (and the costs of any bankruptcy would necessarily reduce any recovery to creditors); (c) the bankruptcy case will duplicate the efforts already taken in the Lien Lawsuit and otherwise; (d) with state remedies available to all the creditors, no unencumbered assets, and no specific bankruptcy causes of action, a bankruptcy case is not essential to resolution of claims; (e) creditors, including the lien claimants, are already exercising state remedies including the Lien Lawsuit; and (f) having taken no other apparent action to liquidate and collect the sums due to the Petitioning Creditors, it appears that they are using the Involuntary Petition simply as a collection tool, which is not an appropriate reason to grant their request, and with no assets and nothing to gain from the relief requested by Petitioning Creditors, the motives of the Petitioning Creditors are inconsistent with the purpose of the Bankruptcy Code.

20. Further, the two largest creditors, Lender and lien claimant, Cannon Design, Inc.[1], which is owed over $1,758,585, support abstention and the exercise of state remedies.

---

[1] Cannon Design, Inc. filed a similar Joinder in Motion to Abstain and Dismiss on December 9, 2019. [Docket No. 14].

21. Accordingly, for the reasons stated herein and in the Motion, Lender requests dismissal of the Involuntary Petition pursuant to Section 305 or Section 707(a) of the Bankruptcy Code.

22. Lender reserves its right to amend or supplement this Joinder, based upon the facts or arguments that arise prior to the hearing on the Motion.

WHEREFORE, Lender respectfully requests that this Court grant the relief requested in the Motion.

Dated:  December 11, 2019                                    Respectfully submitted,

POLSINELLI PC

By: */s/ Llynn K. White*
 Llynn K. White (#44933MO)
 lwhite@polsinelli.com
 100 S. Fourth Street, Suite 1000
 St. Louis, MO 63102
 (314) 889-8000
 Fax No.: (314) 231-1776

ATTORNEYS FOR CREDITOR GAMMA REAL ESTATE CAPITAL LLC

5

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was served by electronic filing in the CM/ECF system of the United States Bankruptcy Court for the Eastern District of Missouri this 11th day of December, 2019 to all parties listed below:

Brian James LaFlamme
David A. Sosne
Summers Compton Wells LLC
8909 Ladue Rd.
St. Louis, MO 63124

John Talbot Sant, Jr.
Affinity Law Group
1610 Des Peres Rd., Ste. 100
St. Louis, MO 63131

Gene J. Brockland
Brian M. Wacker
SmithAmundsen, LLC
120 S. Central, Suite 700
St. Louis, MO 63105

U.S. Trustee
Office of the U.S. Trustee
111 S. Tenth St., Ste. 6.353
St. Louis, MO 63102

*/s/ Rebecca M. O'Brien*

088752/560767-71593913.1